UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUNICE L. VARNER,

    Plaintiff,                         Case No. 07-10211

v.                                     Honorable John Corbett O'Meara

R. JAMES NICHOLSON, Secretary,
Department of Veterans Affairs, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' APRIL 18, 2007 MOTION FOR PARTIAL DISMISSAL

The matter came before the court on Defendants' April 18, 2007 Motion for Partial Dismissal of Plaintiff's Complaint. On June 7, 2007, plaintiff Eunice L. Varner filed her Motion to [sic] Partial Dismissal of Complaint and [to] Amend the Complaint, which the court will interpret as a response to Defendants' motion. Pursuant to Local Rule 7.1(e)(2) (E.D. Mich. Dec. 1, 2005), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff Eunice Varner was a Nursing Assistance at the John Dingall Veterans Administration Medical Center in Detroit, Michigan. During her employment Plaintiff had been issued two notices of proposed removal from employment and had been denied a request to return to work following a period of sick leave. Plaintiff brought claims against the Medical Center before the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation related to the notices of proposed removal and denial of her

request to return to work. On January 14, 2005, Plaintiff was terminated for insubordination and unauthorized absences. Also based on allegations of disability discrimination and retaliation, Plaintiff appealed her termination with the Merit System Protection Board ("MSPB" or "Board").

Plaintiff's claims with the EEOC were heard by an administrative law judge, who issued a decision on April 27, 2006, finding for the Medical Center on all claims. A Final Order was issued on May 11, 2006. Plaintiff did not file a civil action in federal court and did not appeal the decision or the Final Order.

Plaintiff's original appeal before the Board was filed on February 9, 2005, alleging disability discrimination and retaliation. On May 2, 2005, an MSPB administrative law judge upheld Plaintiff's discharge. After Plaintiff appealed the decision to the full board, the case was remanded to address Plaintiff's claims of disability discrimination and retaliation. On June 21, 2006, the MSPB administrative law judge issued a decision upholding Plaintiff's discharge, finding no disability discrimination. Plaintiff had abandoned her retaliation claim earlier in the remand proceedings. Plaintiff again appealed the decision to the full board, which affirmed the administrative law judge's decision. Plaintiff appealed the board decision to the EEOC, which affirmed on December 14, 2006. Plaintiff filed the instant action on January 16, 2007.

## LAW AND ANALYSIS

Defendants argue that only Plaintiff's disability discrimination claims relating to her discharge have been properly exhausted and can be presented to the court. Defendants assert that any of Plaintiff's claims of disability discrimination or retaliation arising from the incidents which were the subject of her EEOC action are barred because Plaintiff failed to exhaust her

2

administrative remedies in a timely manner. Defendants also assert that with respect to the MSPB issue, discharge, Plaintiff is not entitled to judicial review on the issue of retaliatory discharge, as Plaintiff abandoned this claim before the MSPB on remand.

A federal employee claiming discrimination must first exhaust her administrative remedies in a timely fashion; otherwise, the court lacks jurisdiction. Brown v. General Servs. Admin., 425 U.S. 820, 832-33 (1976). After properly initiating the administrative process, Plaintiff did not file a civil action in federal court or an appeal with the EEOC following the administrative law judge's decision of the final agency order. Therefore, Plaintiff is barred from bringing any claims of disability discrimination or retaliation arising out of the incident described in her EEOC action.

Plaintiff is also barred from bringing her claim of retaliatory discharge, as it was waived on remand before the MSPB. Only issues that have been exhausted, properly presented, and considered by the MSPB are entitled to judicial review. McAdams v. Reno, 64 F.3d 1137, 1142-43 (8th Cir. 1995). Claims abandoned before the MPSB cannot now be asserted in a separate civil suit. Id. Moreover, when a defendant challenges subject matter jurisdiction through a responsive pleading, the plaintiff bears the burden of establishing jurisdiction. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). Plaintiff has failed to establish jurisdiction for her retaliatory discharge claim or for any claims from the EEOC action.

The Civil Rights Act makes clear that an employee aggrieved by the final disposition of his or her compliant with the EEOC or the department, agency or unit may file a civil action in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Further, even if Plaintiff had a valid retaliation claim, the United States

Court of Appeals for the Sixth Circuit has held that individual supervisors cannot be held personally liable for retaliation under the Rehabilitation Act. Hiler v. Brown, 177 F.3d 542, 546 (6th Cir. 1999). Plaintiff's response concedes that only the department head, R. James Nicholson, may be named as a defendant in this action. Thus, defendants Michael Wheeler, Anita Lord, Belinda Ice, Kathy Osinski, Ramesh Padiyard, and Melisa Metoyer shall be dismissed as defendants to this suit.

## ORDER

It is hereby **ORDERED** that Defendants' April 18, 2007 Motion for Partial Dismissal of Plaintiff's Complaint is **GRANTED**.

It is further **ORDERED** that Plaintiff's June 7, 2007 Motion for Partial Dismissal of Complaint and to Amend the Complaint is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Dated: September 6, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 6, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager