UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUNICE L. VARNER,

    Plaintiff,

v.

R. JAMES NICHOLSON, Secretary,
Department of Veterans Affairs,

    Defendant.
                               /

Case No. 07-10211

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S FEBRUARY 6, 2008
## MOTION FOR SUMMARY JUDGMENT AND DENYING
## PLAINTIFF'S FEBRUARY 6, 2008 CROSS-MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendant's February 6, 2008 motion for summary judgment. Plaintiff Eunice L. Varner filed a response, which was entitled an "objection," February 19, 2008. Plaintiff also filed on February 6, 2008, "Plaintiff['s] Brief of Support American Disability Act Rehabilation [*sic*] Wrongful Discharge by Discriminatory Practice," which the court will interpret as a cross-motion for summary judgment. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS

This is a mixed case[1] brought by plaintiff Eunice Varner, a former nursing assistant at the John Dingell Veterans Administration Medical Center in Detroit, Michigan, against R. James Nicholson, Secretary of the Department of Veterans Affairs ("VA"). Varner challenges the VA's action in terminating her employment and claims that she was discriminated against on the basis

---

[1] A "mixed case" is one that includes a claim of discrimination as well as an appealable action from the Merit Systems Protection Board.

of a disability. Specifically, Varner appeals the final decision of the EEOC Office of Federal Operations, which affirmed two decisions by the Merit Systems Protection Board ("MSPB") finding that (1) Varner's termination was proper, and (2) Varner failed to establish a *prima facie* case of disability discrimination because her conditions of diabetes and depression did not substantially limit a major life activity; and, therefore, she was not disabled.

## STANDARD OF REVIEW

In evaluating mixed cases, the district court reviews the facts regarding the alleged discriminatory action *de novo*. 5 U.S.C. § 7703(b)(2). Review of the nondiscrimination claims, however, is limited to a determination of whether the agency action, findings, or conclusions are "(1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence, based solely on the administrative record." 5 U.S.C. § 7703(c). "Substantial evidence" has been defined as requiring that "an agency decision be upheld if it is supported by such relevant evidence as one might reasonably accept as adequate to support a conclusion." Kline v. Tennessee Valley Authority, 805 F. Supp. 545, 547 (6th Cir. 1992).

## LAW AND ANALYSIS

Disability discrimination cases brought by federal employees are governed by § 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, which requires federal agencies to implement affirmative action plans to hire, place, and advance individuals with disabilities. The statute also creates a private right of action against covered entities for discrimination on the basis of a disability. "Although the Rehabilitation Act predates the Americans with Disabilities

2

Act, 42 U.S.C. §§ 12101, *et seq.*, analyses of claims made under the two acts run roughly parallel." Mahon v. Crowell, 295 F.3d 585, 588-89 (6th Cir. 2002).

To make a *prima facie* case of employment discrimination on the basis of disability, a plaintiff must show (1) that he or she is an individual with a disability; (2) who was otherwise qualified to perform a job's requirement, with or without reasonable accommodation; and (3) who was discriminated against solely because of her disability. Id. at 589. To be disabled within the meaning of the Rehabilitation Act, a plaintiff must (1) have a physical or mental impairment that "substantially limits" her in at least one "major life activity," (2) have a record of such impairment, or (3) be regarded as having such an impairment. 29 U.S.C. § 705(20(b).

"Substantially limited" is defined by the EEOC's regulations to mean either "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii). The analysis must consider the "nature and severity of the impairment," its "duration or expected duration," and "permanent or long term impact." Id. at § 1630.2(j)(2). "Generally, short-term, temporary restrictions are not substantially limiting." Roush v. Weastec, Inc., 96 F.3d 840, 843 (6th Cir. 1996).

In this case it is undisputed that plaintiff Varner has been diagnosed with the medical conditions of diabetes and depression. However, simply being diagnosed with a medical condition is not sufficient to establish that she has a disability; rather, she must also establish that these conditions *substantially limit* a major life activity. 29 U.S.C. § 705(20)(b).

3

Even accepting as true all of Plaintiff's assertions, she has failed to present evidence of a substantial limitation in the ability to work within the meaning of the Act. For example, when Varner returned to work in June 2004, her doctors imposed no medical restrictions. Moreover, since her termination from the VA, Plaintiff has continued to work at other places in a variety of positions, working part-time at Henry Ford Village and prior to that working full-time as a nursing assistant for Oakland County Medical Center, where she performed patient care functions such as bathing patients, feeding patients, and taking their vital statistics. She also worked part-time at West Bloomfield Nursing Home until she was terminated for failing to show up for work. Thus, it cannot be said that plaintiff Varner was unable to perform a class of jobs or a broad range of jobs in various classes. Therefore, she is not substantially limited in her ability to work and is not disabled under the Act. Defendant is entitled to summary judgment on Plaintiff's claim for disability discrimination.

In this action Plaintiff also appeals the decision of the MSPB to uphold the VA's termination of her employment. As stated earlier, the court's review of the MSPB decision is limited to a determination of whether the agency action, findings, or conclusions are "(1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence, based solely on the administrative record." 5 U.S.C. § 7703(c). "Substantial evidence" has been defined as requiring that "an agency decision be upheld if it is supported by such relevant evidence as one might reasonably accept as adequate to support a conclusion." Kline v. Tennessee Valley Authority, 805 F. Supp. 545, 547 (6th Cir. 1992).

In this case there were four specific charges underlying plaintiff Varner's termination: 1) refusal to carry out an order, 2) rude and disrespectful conduct toward a co-worker, 3) rude and disrespectful conduct, and 4) absences without leave. Although Plaintiff disputes the circumstances surrounding the four charges, just as she did during the administrative hearing, the court finds that the agency's decision is supported by evidence one would reasonably accept as adequate to support a conclusion. Furthermore, the agency's action, findings, or conclusions were not arbitrary or capricious and were not an abuse of discretion. Plaintiff has failed to present any evidence to support a finding that they were obtained without procedures required by law. Therefore, Defendant is entitled to summary judgment on this issue as well.

## ORDER

It is hereby **ORDERED** that Defendant's February 6, 2008 motion for summary judgment is **GRANTED**.

It is further **ORDERED** that Plaintiff's February 6, 2008 "Brief of Support American Disability Act Rehabilation [*sic*] Wrongful Discharge by Discriminatory Practice," which the court has interpreted as a cross-motion for summary judgment, is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: May 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 7, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager